UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                  Crim. File No. 11-127 (PAM)

                Plaintiff,

v.                                                         **AMENDED MEMORANDUM
                                                           AND ORDER**

John Alemoh Momoh,

                Defendant.

---

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 and Motion to Supplement Pursuant to Fed. R. Civ. P. 15(d). For the reasons that follow, the Motion to Supplement is granted and the Motion to Vacate, Set Aside, or Correct a Sentence is denied.

**BACKGROUND**

On September 29, 2011, Defendant pled guilty to health care fraud in violation of 18 U.S.C. § 1347. This Court sentenced Defendant to a 24-month term of imprisonment on January 9, 2012. This Court also ordered restitution in the amount of $656,876.59. Defendant appealed his sentence and the Eighth Circuit affirmed in a per curiam opinion. Defendant now contends that his counsel's assistance at and before the sentencing hearing was ineffective, the Government engaged in misconduct, and the Court erred in determining the amount of restitution and in applying the sentencing guidelines. Defendant's Motion centers on the parties' stipulation to forgo oral testimony regarding the amount of loss and to have the Court decide the issue based on the parties' extensive written submissions.

## DISCUSSION

### A. Ineffective Assistance of Counsel – Stipulation

To prevail on a claim for ineffective assistance of counsel, Defendant must establish that his counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

Defendant claims that his counsel was ineffective because he entered into the above-noted stipulation without consulting him. Defendant contends that he only entered into the plea agreement because he was promised that he would have an evidentiary hearing at the time of sentencing. Defendant's claim is without merit.

First, there is no right to an evidentiary hearing at the sentencing stage. See Fed. R. Crim. P 32(I) (emphasis added) (providing that the Court "may permit the parties to introduce evidence " on objections to the PSI). Second, the plea agreement did not include a promise that the Court would hold an evidentiary hearing at the time of sentencing. Rather, the plea agreement notes the parties' disagreement as to the amount of loss and states that the determination of that amount "will be left to the sole discretion of the Court, and that disagreement with the Court's findings is not a basis for withdrawal from this Plea Agreement." (Docket No. 99-1 at 3.) Third, during the plea hearing Defendant stated that no promises had been made to him outside the plea agreement. If he had been promised an

2

evidentiary hearing, he should have mentioned it to the Court at that time.

Finally, and most importantly, the stipulation did not waive Defendant's perceived right to an evidentiary hearing. Rather, the stipulation reflects the parties' agreement that they would "file affidavits in lieu of oral testimony in support of their respective sentencing positions and the contested issue of loss amount." (Docket No. 61.) The parties also stipulated to the admissibility of numerous exhibits which related directly to the amount of loss. (See id.) In other words, the parties were free to submit evidence in support of their respective positions, but simply agreed not to do so though live witnesses. Given the volume and complexity of the submissions, this decision was reasonable and appropriate.

In addition to the affidavits and exhibits, the parties submitted extensive briefing and argued their positions during the sentencing proceedings. (See Docket Nos. 60-75, 86.) In short, the stipulation enabled to Court to carefully review and weigh the evidence in advance of sentencing and to base its decision on the substantial evidence presented. Live oral testimony would not have yielded a different result.

Accordingly, Defendant's counsel did not fall below an objective standard of reasonableness in entering into the stipulation and, even if he had, the error did not prejudice Defendant.

**B.      Ineffective Assistance of Counsel – Probation**

Defendant also argues that his counsel was ineffective for promising that he would receive a probationary sentence. The record does not support this contention. The plea agreement expressly contemplated a guidelines range of 24 to 30 months' imprisonment if the Court adopted the Government's amount of loss, and a range of 0-6 months if the Court credited Defendant's position on the amount of loss. (Docket No. 99-1 at 6.) The plea agreement further states that the amount of loss determination is left to the "sole discretion" of the Court. (Id. at 3.) During the change of plea hearing, Defendant never indicated that he had been promised probation in lieu of imprisonment. This aspect of Defendant's claim fails.

**C.      Prosecutorial Misconduct**

Defendant also claims that the Government engaged in misconduct by withholding evidence, misleading him about the sentencing hearing, and requesting the application of inapplicable guidelines provisions. Defendant did not raise the first two allegations at the time of sentencing or in his direct appeal and they are therefore waived. See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992) (affirming sentence because the "errors alleged could have been raised at the time of sentencing or on direct appeal" and because movant failed to show cause for failing to do so).

Defendant raised the guidelines argument on direct appeal, but the Eighth Circuit rejected the argument because the Court did not rely on the guideline provision identified by Defendant on appeal. Because Defendant raised the issue on direct appeal, he may not relitigate it now on a motion to vacate. United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981).

Even if properly before the Court, these claims plainly lack merit. There is no evidence that the Government withheld information or misled Defendant. And, as noted by the Eighth Circuit, the Government's citation to guidelines application notes, even if inapplicable in this case, was harmless because the Court did not rely on those notes in crafting Defendant's sentence.

**D.     Calculation of Restitution and Sentencing Range**

Defendant next claims that the Court erred in its restitution order. The law is clear, however, that "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)

Finally, Defendant claims that the Court erred in applying the sentencing guidelines. Defendant raised the same argument on direct appeal and is barred from doing so again here. Shabazz, 657 F.2d at 190.

**E.     Certificate of Appealability**

An individual seeking to appeal a final order in a proceeding under 28 U.S.C. § 2255 must first secure a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate.").  Instead, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal."  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

As discussed, the Court is firmly convinced that Defendant's claim is baseless, and that reasonable jurists could not differ on the results given the nature of Defendant's arguments.  A COA is therefore denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 98) is **DENIED**;

2. Defendant's Motion to Supplement (Docket No. 101) is **GRANTED**; and

3. A Certificate of Appealability is **DENIED**; and

4. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 9, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge